# United States District Court

_____ MIDDLE _____ DISTRICT OF _____ ALABAMA _____

**In the matter of the Search of**
(Name, address or brief description of person, property or premises to be searched)

Gateway laptop computer, model number MX6439, part number 1MA3G000084, serial number T006981001288;

Nextel 2.0 MegaPixel Camera cell phone, model number H94XAH6RR4AN, fcc id: AZ489FT5853, ic: 109u-89ft5853, imeI: 001700195941710 and its attached USB adaptable cable;

1 GigaByte (GB) Lexar Micro SD sn: MM4GR01GUACU-PA;

64 MegaByte (MB) SanDisk Micro Sd sn: 0624701307S;

Western Digital External Hard Drive (USB) sn: WXC207116135 and its attached USB cable;

1 GB Lexar thumbdrive sn: JDSE1GB-00-5000 reva 33004-1GBA-4006;

1 GB Verbatim sn: 6191IG112066S241S1;

Olympus digital voice recorder model VN1000 sn:329892VHP;

3 compact disks (CDs); and

3.5 inch Floppy Disk.

# APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

**CASE NUMBER:**  2:07mj73-TFM

I,   Paul T. Miller _____ being duly sworn depose and say:

I am a(n) _____ Special Agent _____ and have reason to believe that ☐ on the person of or ☒ on the following property or premises known as (name, description and/or location)

- Gateway laptop computer, model number MX6439, part number 1MA3G000084, serial number T006981001288;

- Nextel 2.0 MegaPixel Camera cell phone, model number H94XAH6RR4AN, fcc id: AZ489FT5853, ic: 109u-89ft5853, imeI: 001700195941710 and its attached USB adaptable cable;

- 1 GigaByte (GB) Lexar Micro SD sn: MM4GR01GUACU-PA;

- 64 MegaByte (MB) SanDisk Micro Sd sn: 0624701307S;

- Western Digital External Hard Drive (USB) sn: WXC207116135 and its attached USB cable;

- 1 GB Lexar thumbdrive sn: JDSE1GB-00-5000 reva 33004-1GBA-4006;

- 1 GB Verbatim sn: 6191IG112066S241S1;

- Olympus digital voice recorder model VN1000 sn:329892VHP;

- 3 compact disks (CDs); and

- 3.5 inch Floppy Disk.

in the _____Middle_____ District of ____Alabama_____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

### SEE ATTACHED AFFIDAVIT

which is (state one or more bases for search set forth under Rule 41(b) of the Federal Rules of Criminal Procedure), property that constitutes evidence of the commission of a criminal offense, contraband, and property that has been used as a means of committing a criminal offense concerning violations of Title 18 United States Code, Section 2252(A).

The facts to support the issuance of a Search Warrant are as follows:

### SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

_August 22, 2007 a) 1205pm_          at    Montgomery, Alabama
Date and Time                                             City and State

Terry F. Moorer, U.S. Magistrate Judge          _____
Name and Title of Judicial Officer                      Signature of Judicial Officer

## **AFFIDAVIT**

I, Paul T. Miller, being duly sworn and deposed, state the following:

I am a Special Agent of the Federal Bureau of Investigation (FBI) assigned to the Montgomery Resident Agency of the Mobile Division of the FBI. I have been employed by the FBI for 17 months. Prior to my employment with the FBI, I was employed by the Escambia County Sheriff's Office in Pensacola, Florida, the City Police of Gulf Breeze, Florida, and the U.S. Army Military Police. During the 6 years of my law enforcement career, I have received training in the investigation of Computer Crimes and have personally participated as a primary case agent during the investigation of child pornography cases. I hold a Bachelors Degree in Computer Science/Computer Information Systems and an additional Bachelors Degree in Information Technology/Computer Technology.

This affidavit is being submitted in support of an application for a warrant to search the following:

- Gateway laptop computer, model number MX6439, part number 1MA3G000084, serial number T006981001288;

- Nextel 2.0 MegaPixel Camera cell phone, model number H94XAH6RR4AN, fcc id: AZ489FT5853, ic: 109u-89ft5853, imeI: 001700195941710 and its attached USB adaptable cable;

- 1 GigaByte (GB) Lexar Micro SD sn: MM4GR01GUACU-PA;

- 64 MegaByte (MB) SanDisk Micro Sd sn: 0624701307S;

- Western Digital External Hard Drive (USB) sn: WXC207116135 and its attached USB cable;

- 1 GB Lexar thumbdrive sn: JDSE1GB-00-5000 reva 33004-1GBA-4006;

- 1 GB Verbatim sn: 6191IG112066S241S1;

- Olympus digital voice recorder model VN1000 sn:329892VHP;

- 3 compact disks (CDs); and

- 3.5 inch Floppy Disk.

1

1   The facts and information contained in this affidavit are based on my personal
2 knowledge and observations, as well as upon information received from other individuals,
3 to include other law enforcement officers involved in this investigation and review of
4 records, documents and other physical items obtained during this investigation.

5   Based upon the investigation described below, I submit that the facts set forth in this
6 affidavit establish that there is probable cause to believe that in the Middle District of
7 Alabama, on or about August 21, 2007, JERRY ALAN PENTON possessed child
8 pornography; and evidence of such crimes is located on the equipment previously
9 enumerated on page one of this affidavit.

10   Previously, between on or about July 15 and on or about July 30, 2006, JERRY
11 ALAN PENTON displayed visual depictions of child sexual activity from his personal
12 computer to a eight year-old minor family relative for the purpose of breaking down the
13 child's inhibitions, and did sexually abuse that relative.

14   On September 4, 2006, the Chilton County Sheriff's Office (CCSO) initiated an
15 investigation against JERRY ALAN PENTON regarding a child molestation complaint.
16 CCSO brought attention of the matter to a Child Protect representative from the Department
17 of Human Resources (DHR), where an interview of the eight year old victim was
18 conducted.  During the interview the minor stated that PENTON asked her to come into his
19 bedroom and scratch his back.  She then said that he asked her to come over to his
20 computer, and he went to a website.  According to the minor, the website had adults and a
21 minor child, approximately eight years-old, engaging in sexually explicit conduct.

22   Based upon the interview and subsequent investigation on September 26, 2006,
23 CCSO obtained and executed a search warrant for the PENTON residence, and arrested
24 PENTON on state charges of child molestation.  He was later released on bail.  During the
25 search warrant, CCSO seized nine computers, multiple computer software disks and other
26 types of evidence during the execution of the search warrant.  All of the technical related
27 equipment and most of the other physical evidence was turned over to the FBI for review
28 and processing.

1    A Federal investigation was initiated for, among other things, possession of child

2    pornography, a violation of Title 18 U.S.C. § 2252A.  Some of the computer disks seized

3    during the search warrant contained multiple child pornography images as well as other

4    types of pornography.  The child pornography images were labeled according to the age of

5    the victim, ranging from eight to seventeen years of age.

6    Items seized from the search warrant were sent to Pocatello ITC for CART exam

7    and analysis.  The digital images obtained from the exam were compiled into a zip file for

8    comparison with the CVIP database and stored on CD-ROM, which was sent to the

9    National Center for Missing and Exploited Children (NCMEC).  NCMEC reported that the

10    file contained 111 known child pornography images identified from 28 known series of

11    images.  These images consisted of prepubescent and children under the age of 16 engaging,

12    in among other things, intercourse with an adult, oral sex, and inappropriate touching.  The

13    file contained a total of 1865 suspected child pornography images.  Many of the images

14    were stored in file sharing folders, to include FILEZ and KAZAA file sharing programs.

15    Additionally, child pornography images were also located on portable media, such as

16    compact disks (CDs), which were stored in the master bedroom of the PENTON residence.

17    JERRY ALAN PENTON's wife, RANDI JO PENTON, and his 15 year old

18    daughter, DOMINIQUE PENTON, signed sworn statements that they had never seen any

19    child pornography on any of the household computers and that they had no knowledge of

20    how child pornography had been stored on the household computers seized from the

21    PENTON residence.

22    On August 15, 2007, the United States Grand Jury for the Middle District of

23    Alabama returned a three-count indictment charging PENTON with violating 18 U.S.C.

24    Sections 2252A(a)(6)(A) and (B) (relating to his providing a minor child pornography with

25    the purpose of inducing a minor to participate in illegal activity); 2252(a)(2)(A) and (B)

26    (relating to knowing receipt and distribution of child pornography); and 2252(a)(5)(B)

27    (relating to possession of child pornography).

28    On August 16, 2007, an arrest warrant was issued for PENTON.  Based upon

3

1   information received from an individual who is not in position to testify, and who has

2   provided other reliable information, PENTON currently spends the majority of the

3   afternoon, on a daily basis, at the Chilton County Library, located at 100 First Avenue,

4   Clanton, Alabama accessing the Internet from his own laptop computer through the library's

5   wireless network connection.  The informant indicated that PENTON comes in shortly after

6   lunch and remains on his computer until approximately 5:00 p.m. to  6:00 p.m.

7           On August 21, 2007, JERRY ALAN PENTON was observed by your affiant at the

8   Chilton County Library, sitting at a library table with his personal laptop and a laptop

9   carrying case.  PENTON was placed under arrest and all of his personal belongings were

10  taken into custody, to include the computer laptop and carrying case.  Subsequent to

11  PENTON's arrest, his carrying case was inventoried, and multiple portable media storage

12  devices, as well as computer connection cables, were discovered.  (Each of these items were

13  inventoried have been previously enumerated on page one of this affidavit.)

14          In addition to the computer and more traditional storage devices inventoried from

15  PENTON's person, also located was PENTON's Nextel phone, which also contained a high

16  resolution digital camera.  These phones have expansion slots that allow external memory

17  chips to be installed to expand the phone capabilities to store data, such as, picturers, sound

18  files, and any other type of digital data.  The Micro SD storage device, which was

19  inventoried, is used with a myriad of electronic equipment that requires data storage,

20  including cell phones, cameras to store memory.  Additionally, the files stored on Micro

21  SDs memory devices in the phone can be transferred from the phone to a computer via a

22  universal serial bus (USB) adaptable cable that connects to the phone and the computer.

23          Several thumb drives were also inventoried.  These durable and portal devices are

24  typically small key-sized items that attach to a computer via a USB port and allow the user

25  to store digital medial.  Finally, an external hard drive was also inventoried.  This is like the

26  hard drives in a computer, except they are encased in a protective enclosure, making them

27  potable.  These devices can be connected to any computer via a USB cable and are used to

28  store digital media.

1    Many of these items are highly technical devices. Based upon on my training and

2    experience, people who are engaged in the possession, distribution, or production of child

3    pornography normally have this type of portable equipment available to them. These

4    persons often use phones with high resolution cameras so that they can take pictures of their

5    victims inconspicuously. Additionally, people involved with the possession, distribution, or

6    production often have a large quantity of storage media such as memory stick, thumb

7    drives, floppy drives, compact disks, and external hard drives. They use these devices to

8    store and transport the child pornography.

9    Based upon on my training and experience people who are engaged in the

10   possession, distribution, or production of child pornography normally attempt to obtain the

11   smallest type of devices to store their medium. They do this in order to make it easier to

12   transport and conceal these devices from other people, whom they do not want to find the

13   child pornography, such as their spouses, and law enforcement.

14   Most, if not all, of Penton's computer equipment was seized during the search

15   warrant and thus, has likely obtained this new equipment since the search warrant. Based

16   upon my investigation, Penton currently does not have a job. He has not been working for

17   several months.

18   After PENTON was advised of his Miranda Rights and acknowledged that he

19   understood them, he stated that he could explain the images which were previously found

20   on his computer, but would prefer to speak to an attorney. During the inventory of his

21   personal property, PENTON stated that the USB Bluetooth device which was located in his

22   computer carrying case was utilized to frequently transfer files from his cell phone to his

23   computer.

24   Furthermore, pursuant to my training and experience, I know the following:

25   The majority of individuals who collect child pornography and subscribe to child

26   pornography websites are persons who have a sexual attraction to children. They receive

27   sexual gratification and satisfaction from sexual fantasies fueled by depiction of children

28   that are sexual in nature. These collectors do not stop collecting images of child

5

pornography and will continue to collect child pornography as long as they have access to computers and other child pornography access devices.

Individuals whose sexual objects are minors commonly collect and save child pornography as representations of their sexual fantasies. These include explicit reproductions of a child's image, voice, or handwriting, and they include computer image files, photographs, negatives, magazines, motion pictures, videotapes, books, slides, audiotapes, handwritten notes, drawings or other visual media.

Individuals who collect child pornography usually keep and cherish it and they rarely throw it away. They typically keep it for many years, and will not be without it for long periods of time. These materials are usually maintained in a secure place, most often a residence, to avoid detection by law enforcement.

Child pornography is a permanent record of the sexual abuse of a child victim. Each time child pornography is reproduced, downloaded, or forwarded by an Internet user, the victimization of the minor appearing in the pornography is perpetuated. Such items are important evidence and indications of an individual whose sexual objects are children and of that individual's motive, intent, and predisposition to violate Title 18, United States Code, Section 2252.

Individuals who collect child pornography often correspond or meet others to share information and material, rarely destroy correspondence from other child pornographers, conceal such correspondence as they do their sexually explicit material and often maintain lists of names, addresses, telephone numbers and screen names of individuals with whom they have been in contact and who share the same interests in child pornography.

The majority of individuals who collect child pornography maintain books, magazines, newspapers and other writing, in hard copy or digital medium, on the subject of sexual activities with children, as a way of understanding their own feelings toward children, justifying those feelings and finding comfort in the fact that they are not alone in their illicit desires and behavior focused on children. Such individuals rarely destroy these materials because they play an integral role in their fantasy lives and provide them with

6

psychological support.

Moreover, it is common for individuals involved in the possession and distribution of child pornography to maintain files and other digital records used in the course of committing these crimes on their computer hard drive and other computer storage devices.

Based on your affiant's and other agents' knowledge and experience, and the number, type and method in which the child pornography was stored on PENTON's previous computers and storage media, gives your affiant probable cause to believe that PENTON is a collector of child pornography.

## COMPUTER RELATED ISSUES

The following section of this affidavit is based upon the collective experience gained from previous investigations by the FBI in similar criminal violations, and upon my, and other Special Agents of the FBI, personal knowledge and experience.

There is reason to believe that computer hardware and computer software were utilized by the subject of this investigation in two respects:  as instrumentalities for violating the federal laws, and as devices used to send, collect and store electronic data and records that are evidence of those crimes.

Based on the evidence summarized earlier in this affidavit, there is reason to believe that JERRY ALAN PENTON used computer(s) to store, maintain, retrieve, transmit and use electronic data in the form of electronic records, documents, and materials, including those used to facilitate communications.  This includes logs generated by chat programs, instant mail, file sharing and electronic messages (E-mail) in  any email account. Specifically, there is reason to believe that the subject used a file sharing account to store, maintain, retrieve, transmit and used the following electronic data types:

    (a)                    computer software (described above) used for criminal purposes;

    (b)                    logs (transcripts) of chat room and other on-line communications, including open and unopen E-mail messages;

7

(c)         account information (site names, Internet addresses, account names, screen names, passwords, telephone numbers, etc.); and

(d)         system accounting and auditing logs, which record the operations occurring on that computer (including criminal activities).

The terms "records," "documents," and "materials" as used above include all of the foregoing items of evidence in whatever form and by whatever means such records, documents, or materials, their drafts, or their modifications which may have been created or stored on the computer hard drive.

The terms "records," "documents," and "materials" also include any and all information and/or data, stored in any form, which is used either for periodic or random back-up, whether deliberate or inadvertent, or automatically or manually initiated, of any computer or computer system. This includes any media which is capable of storing magnetic coding.

Such electronic data in the form of electronic records, documents, and materials, including those used to facilitate the above described storage and communications, constitutes evidence of the commission of a criminal offense.

Computer storage devices (such as hard disks, diskettes, tapes, laser disks, flash memory) can store the equivalent of thousands of pages of information. Additionally, a user may seek to conceal criminal evidence by storing it in random order with deceptive file names. Searching authorities are thus required to examine all the stored data to determine which particular files are evidence or instrumentalities of criminal activity. This sorting process can take weeks or months, depending on the volume of data stored, and it would be impractical to attempt this kind of data search "on-site."

Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some

8

1   systems and applications. Thus, it is difficult to know prior to the search which expert

2   possesses sufficient specialized skills to best analyze the system and its data. No matter

3   which system is used, however, data search protocols are exacting scientific procedures,

4   designed to protect the integrity of the evidence and to recover even "hidden," erased,

5   compressed, password-protected, or encrypted files. Since computer evidence is extremely

6   vulnerable to tampering or destruction (both from external sources or from destructive code

7   imbedded in the system as a "booby trap"), a controlled environment is essential to its

8   complete and accurate analysis.

9         The search of electronically stored data may entail any or all of several different

10  techniques. Such techniques may include: surveying various file "directories" and the

11  individual files they contain (analogous to looking at the outside of a file cabinet for the

12  markings it contains and opening a drawer believed to contain pertinent files); "opening" or

13  reading the first few "pages" of such files in order to determine their precise contents;

14  "scanning" storage areas to discover and possibly recover recently deleted data; scanning

15  storage areas for deliberately hidden files; or performing electronic "keyword" searches

16  through all electronic storage areas to determine whether occurrences of language contained

17  in such storage areas exist that are intimately related to the subject matter of the

18  investigation.

19

20

21

22

23

24

25

26

27

28

1

## SUMMARY

2    Based on the facts as stated above, there is probable cause to believe that JERRY

3 ALAN PENTON's equipment which is previously enumerated on page one of this affidavit

4 contains property that constitutes evidence of the commission of a criminal offense,

5 contraband, and property that has been used as a means of committing a criminal offense

6 concerning violations of Title 18 United States Code, Section 2252(A).

7

8
Paul T. Miller
Special Agent

9
Federal Bureau of Investigation
Montgomery, Alabama

10

11 Subscribed and sworn to before me this 22nd day of August, 2007.

12

13
Terry F. Moorer
United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28